[Cite as *Nau v. Martins Ferry*, 2014-Ohio-2466.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LORI NAU, et al., | ) | |
| | ) | |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | CASE NO. 13 BE 24 |
| VS. | ) | |
| | ) | OPINION |
| CITY OF MARTINS FERRY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Court of Common Pleas of Belmont County, Ohio Case No. 12 CV 0019 |
| JUDGMENT: | Dismissed |
| APPEARANCES: | |
| For Plaintiffs-Appellees | Attorney David L. Delk, Jr. 44 ½ 15th St. Wheeling, WV 26003 |
| For Defendant-Appellant | Attorney James F. Mathews Attorney Gregory A. Beck 400 South Main St. North Canton, Ohio 44720 |

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 2, 2014

DONOFRIO, J.

{¶1}   Defendant-appellant City of Martins Ferry appeals the decision of the Belmont County Common Pleas Court denying it summary judgment on plaintiffs-appellees Lori and Kevin Nau's taking claim, ordering statutory appropriation proceedings, and deferring the Naus' other claims until the appropriation proceedings have concluded.

{¶2}   The Naus own a home located at 843 Hanover Street in the city of Martins Ferry that they purchased in 1995. The brick home, which is 90-100 years old, sits at the corner of Hanover Street and 10th Avenue in Martins Ferry.

{¶3}   In January 2011, the ground near the back porch of the home began to subside. Upon further investigation and excavation, a large arched, underground brick culvert was discovered running diagonally underneath the home. The Naus reported this condition to Martins Ferry. The city attempted to repair the collapsing culvert. After those efforts were unsuccessful, the city disclaimed any responsibility for the culvert. Due to the subsidence of the culvert, the home has sustained considerable damage.

{¶4}   On January 11, 2012, the Naus filed a complaint in Belmont County Common Pleas Court setting forth four counts sounding in negligence and nuisance concerning the city's duty to maintain and repair the culvert, seeking declaratory judgment to make the city properly repair the culvert, and, in the alternative, seeking a writ of mandamus to compel the city to commence statutory appropriation proceedings based on their claim that the damage to their home resulted in a taking of their property.

{¶5}   On May 24, 2013, the city filed a motion for summary judgment asserting, in general, governmental immunity principally disclaiming ownership of the culvert. It also argued that the Naus had failed to set forth sufficient facts to sustain a takings claim.

{¶6}   The Naus filed a response to the city's summary judgment motion on June 10, 2013. To prove the city's ownership or responsibility for the culvert, the Naus attached excerpts from a 1909 Municipal Journal and Engineer Index reflecting that the city had awarded contracts to construct the culvert. The Naus attached

minutes from a March 4, 2010 council meeting at which Kevin Nau presented the collapsed culvert problem to the city, which demonstrated that the city had notice of his particular problem with the culvert. The Naus also attached a 2010 report prepared by the city that determined that the culvert was the city's responsibility and needed to be repaired. Lastly, the Naus attached other council meeting minutes reflecting the city's attempts to repair the culvert.

{¶7} The city filed a reply in support of its summary judgment motion.

{¶8} On July 25, 2013, the trial court filed a comprehensive six-page decision. The court essentially divided the Naus' complaint into two distinct areas: (1) the claims (negligence, nuisance, declaratory judgment) concerning the city's duty to maintain and repair the culvert and (2) their taking claim. Pursuant to its discretion under Civ.R. 42[1] and in the interests of an efficient presentation of claims and for the convenience of the parties, the court ordered separate proceedings before a different judge to first determine whether the city must commence statutory appropriation proceedings in response to the taking aspect of the Naus' lawsuit. The court determined that should take place before a consideration of whether the city was entitled to summary judgment on the Naus' other claims. This appeal followed.

{¶9} The city raises two assignments of error. The city's first assignment of error states:

THE TRIAL COURT ERRED BY HOLDING APPELLANT'S IMMUNITY DEFENSE IN ABEYANCE, EFFECTIVELY DENYING APPELLANT THE BENEFIT OF THE ASSERTED IMMUNITY.

{¶10} The city characterizes the trial court's July 25, 2013 decision as one holding its immunity defense in abeyance in preference for the Naus' taking claim

---

1. Civ.R. 42, which gives a trial court the discretion to order separate trials, provides:

> The court, after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, or third-party claims, or issues, always preserving inviolate the right to trial by jury.

proceeding first. The city argues that this effectively denied it the alleged immunity it is entitled to, citing *Riscatti v. Prime Properties Ltd. Partnership*, 8th Dist. Nos. 97270, 97274, 2012-Ohio-2921 appeal allowed, 133 Ohio St.3d 1464, 2012-Ohio-5149, 977 N.E.2d 693 and affirmed on other grounds, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437.

**{¶11}** *Riscatti* involved a basement explosion precipitated by a concentration of gasoline vapors coming up into the house from the sewer system. The homeowner and numerous other homeowners in the surrounding area who had suffered from gasoline vapors in their homes over the years sued the county and regional sewer district.

**{¶12}** The county and sewer district filed dispositive motions pursuant to both Civ.R. 12(C) and 56 based on the governmental tort immunity a political subdivision enjoys against liability based on its design of a sewer system. The trial court denied the motions to the extent that the immunity claim was based on Civ.R. 12(C), but the court held its decision on summary judgment in abeyance until discovery was complete. The county and sewer district appealed to the Eighth District Court of Appeals.

**{¶13}** On appeal, the homeowners contended that the trial court had not ruled on the summary judgment motions, instead holding them in abeyance until discovery was completed. The appellate court rejected that argument finding, without any further explanation, that "any order that denies a political subdivision the benefit of alleged immunity is a final appealable order, even if the order does not address the issue, as the case here." *Id.* at ¶ 23.

**{¶14}** The city's reliance on *Riscatti* is misplaced. *Riscatti* is procedurally distinguishable from this case. In *Riscatti*, the trial court had, in fact, denied the county and sewer district the benefit of their alleged governmental tort immunity to the extent that it denied their Civ.R. 12(C) motions. Here, the city did not include a Civ.R. 12(C) motion with its summary judgment motion and the trial court has not yet reached the issue of whether the city is entitled to immunity.

{¶15} More importantly, the city's alleged governmental tort immunity applies only to one aspect of the Naus' complaint – the claims (negligence, nuisance, declaratory judgment) concerning the city's duty to maintain and repair the culvert. *Mortensen v. Butler Cty. Bd. of Commrs.*, 12th Dist. No. CA2008-10-255, 2008-Ohio-1728, ¶ 38 (sovereign immunity does not apply to an unlawful takings claim). The court deferred a ruling on the city's summary judgment motion concerning those claims and ordered separate proceedings to first consider the Naus' taking claim. Therefore, under the facts and circumstances of this case, the city has not yet been denied the benefit of an alleged immunity.

{¶16} This, in turn, raises the unavoidable question of whether this court yet has jurisdiction to hear this appeal. For orders like the one appealed from in this case, R.C. 2744.02(C) provides that only an order denying a political subdivision "the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." R.C. 2744.02(C). As explained above, the trial court has yet to deny the city the benefit of its alleged immunity. Therefore, the order appealed from in this case is not a final, appealable order and this appeal should be dismissed accordingly.

{¶17} The city's second assignment of error states:

THE TRIAL COURT ERRED IN ITS DETERMINATION THAT AN ALLEGED TAKINGS CLAIM MAY BE UTILIZED TO DENY APPELLANT THE BENEFIT OF IMMUNITY ASSERTED UNDER R.C. CHAPTER 2744, TO APPELLANT'S PREJUDICE.

{¶18} Aside from the trial court's holding the city's summary judgment motion concerning the Naus' negligence, nuisance, declaratory judgment claims in abeyance, the court's handling of the Naus' taking claim likewise did not turn an otherwise unappealable order into a final, appealable order.

{¶19} The trial court merely ordered separate proceedings for the Naus' taking claim. R.C. 2505.02, which defines final, appealable orders, specifically

provides that an order in an appropriation proceeding may be appealed only pursuant to R.C. 163.09(B)(3). R.C. Chapter 163 governs appropriation proceedings. R.C. 163.09(B)(3) explains when an order in appropriation proceedings may be appealed:

> An owner has a right to an immediate appeal if the order of the court is in favor of the agency in any of the matters the owner denied in the answer, unless the agency is appropriating property in time of war or other public exigency imperatively requiring its immediate seizure, for the purpose of making or repairing roads which shall be open to the public without charge, for the purpose of implementing rail service under Chapter 4981. of the Revised Code, or under section 307.08, 504.19, 6101.181, 6115.221, 6117.39, or 6119.11 of the Revised Code or by a public utility owned and operated by a municipal corporation as the result of a public exigency.

**{¶20}** As already indicated, in the judgment entry appealed from in this case, the trial court merely separated out and referred Naus' taking action for proceedings before a different judge. It did not enter a judgment in favor or against either the owner or the agency. Therefore, it is not a final, appealable order.

**{¶21}** In sum, the judgment entry the city appeals from is not a final, appealable order. The trial court has yet to deny the city the benefit of an alleged immunity defense and the appropriation proceedings ordered by the court have yet to commence. The appeal is dismissed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.